**BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Rd., Suite 130
Westlake Village, CA 91361
Telephone:     (805) 270-7100
Facsimile:     (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA CEJA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation.<br><br>        Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violations of the *Business and Professions Code* §17200**<br>2. **Violations of the *Business and Professions Code* §17500**<br>3. **Violation of the Consumer Legal Remedies Act California Civil Code § 1750, et seq**<br>4. **Unjust Enrichment**<br>5. **Violations of Consumer Fraud Laws**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brenna Ceja ("Plaintiff") brings this complaint on behalf of herself and all others similarly situated.  All allegations in this Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Plaintiff's information and beliefs are based upon, *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further

**Class Action Complaint**

1  investigation and discovery.  Plaintiff hereby alleges as follows:

2  **NATURE OF THE ACTION**

3      1.  This action seeks to remedy the unfair, deceptive, and unlawful business practices of Wal-

4  Mart Stores, Inc. ("Wal-Mart" or "Defendant") with respect to the marketing, advertising,

5  warranting, and sales of its "rollback" priced merchandise.  Specifically, during the Class Period

6  (defined below), Wal-Mart advertised false former prices and false price discounts with the

7  intention of artificially inflating urgency and demand in its customer base and increasing the

8  company's sales and profits.

9      2.  Wal-Mart, the Arkansas-based behemoth is easily the planet's largest retailer[1]. Wal-Mart

10  operates retail and other stores in various formats around the world.  The Walmart U.S. segment

11  includes the Company's mass merchant concept in the United States ("U.S."), operating under

12  the "Walmart" or "Wal-Mart" brand with various formats, including supercenters, discount

13  stores, Neighborhood Markets and other small stores, as well as walmart.com.

14      3.  From day one Wal-Mart recognized that consumers are price-conscious – a trend which

15  appears to be increasing.

16      4.  Indeed, Walmart's mission statement is "Saving people money so they can live better.[2]"

17  This statement is synonymous to the company's slogan, "Save money. Live better."

18      5.  As part of a scheme to make Wal-Mart's merchandise more attractive to consumers, boost

19  its sales, and ultimately increase its profits Wal-Mart offers, in addition to its "everyday low

20  prices" discounted "rollback" merchandise.

21      6.  During the Class Period, however, Wal-Mart misrepresented the existence, nature and

22  amount of price discounts by purporting to offer specific dollar discounts from expressly

23  referenced former retail prices, which were misrepresented as "was" or the company's

24

25

26  [1]https://www.forbes.com/sites/laurengensler/2016/05/27/global-2000-worlds-largest-retailers/#4a56b96fbbb0.

27  [2]  http://www.annualreports.com/HostedData/AnnualReportArchive/w/NYSE_WMT_2008.pdf; http://s2.q4cdn.com/056532643/files/doc_financials/2014/Annual/2014-annual-report.pdf;  See

28  also http://corporate.walmart.com

**Class Action Complaint**

original/regular retail prices. These purported discounts were false, however, because the referenced former retail prices were fabricated and did not represent Wal-Mart's true original retail prices for the purportedly discounted items. Furthermore, the advertised "was" prices for Wal-Mart's "roll-back" discounted items were not the prevailing market retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

7. California statutory and regulatory law expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "Worth or value; statements as to former price," states:

> For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

8. Similarly, the Federal Trade Commission ("FTC") describes false former pricing schemes, similar to Wal-Mart's in all material respects, as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

16 F.R. § 233.1(a).

9. Upon information and belief, Wal-Mart's false price advertising scheme, disseminated to California and Nationwide consumers via its in-store display advertising, print advertising and Internet Web site (www.walmart.com), was rampant as part of a massive, years-long, pervasive campaign and was consistent across all of Walmart's stores. For example, Wal-

**Class Action Complaint**

1  Mart's in-store pricing scheme was prominently displayed directly above the purportedly "rolled
2  back" items, with express references to former "was" prices that never existed and/or did not
3  constitute the prevailing market retail prices for such products within the three months next
4  immediately preceding the publication of the advertisement.

5          10.     Upon information and belief, hundreds of thousands of California consumers were
6  victims of Wal-Mart's deceptive, misleading and unlawful pricing scheme and thousands more
7  will be deceived if Wal-Mart's practices continue.

8          11.     Wal-Mart knew (and knows) that its comparative price advertising was (and is
9  again) false, deceptive, misleading and unlawful under California law.

10         12.     Wal-Mart fraudulently concealed from and intentionally failed to disclose to
11 Plaintiff and others similarly situated the truth about its advertised price discounts and former
12 prices.

13         13.     At all relevant times, Wal-Mart has been under a duty to Plaintiff and others
14 similarly situated to disclose the truth about its "was" or former prices.

15         14.     The facts which Wal-Mart misrepresented and/or failed to disclose (and which
16 Wal-Mart continues to misrepresent and/or fail to disclose) are material facts that a reasonable
17 person would consider material, i.e., facts which would contribute to a reasonable person's
18 decision to purchase products. Wal-Mart's false representations of "regular" and "original" prices
19 and false representations of purported savings, discounts and bargains are objectively material to
20 the reasonable consumer, and therefore reliance upon such representations may be presumed as a
21 matter of law.

22         15.     Plaintiff saw and relied upon such false representations of "was" prices and
23 discounts when purchasing merchandise at Wal-Mart.  Plaintiff would not have made such
24 purchases but for Wal-Mart's false representations of "was" prices and price discounts.

25         16.     Plaintiff reasonably and justifiably acted and relied to her detriment on Wal-Mart's
26 false "original" price representations and failure to disclose, and concealment of, the truth about
27 Wal-Mart's false price-comparison advertising scheme in purchasing merchandise at Wal-Mart.

28
**Class Action Complaint**

17.     Wal-Mart intentionally concealed and failed to disclose the truth about its misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiff and others similarly situated to purchase merchandise at Wal-Mart. As such, Plaintiff seeks relief in this action individually and as a class action on behalf of all purchasers in the United States of Defendant's falsely advertised "roll back" priced products (the "Class"). Plaintiff also seeks relief in this action individually and as a class action on behalf of a subclass of all purchasers in California of Defendant's falsely advertised "roll back" priced products (the "California Class").

18.     Through its false and deceptive marketing, advertising and pricing scheme, Wal-Mart violated (and continues to violate) California and other State laws prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions. Specifically, Wal-Mart violated (and continues to violate) California's *Business & Professions Code* §§ 17200, et seq. (the "UCL"), California's *Business & Professions Code* §§ 17500, et seq. (the "FAL"), the California Consumers' Legal Remedies Act, California *Civil Code* §§ 1750, et seq.(the "CLRA"); the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements (15 U.S.C. § 52(a)); the warranty laws of the States as detailed below; and common law.

19.     Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and other equitable remedies, including an injunction under the UCL and FAL; and restitution, damages and an injunction under the CLRA.

**PARTIES**

20.     Plaintiff is a citizen of California and an individual consumer. During the Class Period, Plaintiff purchased products purportedly offered by Defendant on "roll back" discounted pricing featuring false and deceptive "was" price representations and comparisons on multiple occasions in the four years predating the filing of this Complaint. Such "roll back" purchases were primarily made at the Wal-Mart retail stores located in Anderson, California and Redding, California. However, in the four years predating the filing of this case,

Plaintiff has made purchases at other Wal-Mart retail locations within the State of California and via the internet at www.walmart.com. For example, Plaintiff purchased two air mattresses in April of 2016 from the Redding, California retail store which were advertised, marketed and represented by Wal-Mart to be offered on "rollback" discount pricing featuring "was" pricing which Plaintiff later learned to be artificially inflated, false and deceptive.

21.     Prior to purchasing the "roll back" priced items, Plaintiff read and relied upon false and misleading statements that were prepared by and/or approved by Defendant and its agents and disseminated through highlighted signage placed directly in front of the subject products. For each purchase, she understood that she was paying a specific discounted price for the item and that such pricing was being offered by Wal-Mart for a limited time. But for Defendant's misrepresentations, Plaintiff would not have purchased the "roll back" priced products. Plaintiff thus was damaged by Defendant's practice. Plaintiff continues to purchase items from Wal-Mart and thus, faces imminent future harm.

22.     Defendant Wal-Mart is an American multinational retailing corporation that operates as a chain of hypermarkets, discount department stores, and grocery stores. Wal-Mart is headquartered in Little Rock, Arkansas. Wal-Mart distributes, markets, advertises, and sells "roll back" priced items in California and throughout the rest of the United States.

## JURISDICTION AND VENUE

23.     This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed classes are citizens of a state different from that of Defendant.   Personal jurisdiction is proper as Defendant has purposefully availed themselves of the privilege of conducting business activities within this District.

24.     The Eastern District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do

business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of approximately retail stores within the State of California including the store in Redding and Anderson at which Plaintiff made purchases, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

25.     Defendant, a citizen of Arkansas, has distributed, marketed, advertised and sold the "roll back" priced merchandise with the false and deceptive former pricing, which are the subject of the present complaint, in this District. As such, venue is proper in this judicial district under 28 U.S.C. §1391(b)(2), because Defendant conducts business in this District and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this District.

## ALLEGATIONS OF FACT

### Wal-Mart's "Roll Back" Pricing

26.     It is known that consumers do not evaluate prices singly, but rather judge prices in reference to standards that may be objective or subjective.[3]   Thus, a comparative price advertisement featuring both the offered price and a (higher) comparative price is an attempt to impose a reference or standard price for the consumer.

27.     As noted by the FTC, "[o]ne of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article." 16 C.F.R. § 233.1(a).

28.     In "former price comparisons" the seller compares the price offered with the seller's former (higher) price. When "former" is used to refer to a price, the issue related to deception is whether the "former" price is true in the sense the seller did intentionally sell the item at the former price. Wal-Mart's "roll back" pricing scheme employs this alternative comparative

---

[3] Consumer Perceptions of Comparative Price Advertisements, Albert J. Della Bitta, Kent B. Monroe, And John M. McGinnis, Journal of Marketing Research Vol. XVIII (November 1981), 416-27, at 417.

1   price format.

2      29.   Wal-Mart has employed "rollback" pricing for decades and has advertised such

3   pricing as discounted pricing through a decades-long uniform integrated marketing campaign.

4   Such campaigns have been disseminated to the Plaintiff and the members of the Class via print,

5   television, radio and internet media.   Indeed, for consumers, the term "rollback" has become

6   synonymous with discounts.

7      30.   Throughout the relevant time period, Wal-Mart has offered purportedly discounted

8   pricing through "rollbacks" on items throughout its retail stores in California and throughout the

9   country.

10     31.   Even single item subject to this litigation is advertised in the same manner

11  regardless of whether the item is sold by Defendant in one of its retail stores or via the internet or

12  the type of merchandise being sold (e.g. personal hygiene, grocery, electronic, baby/ toddler

13  items, clothing, sporting goods, etc.).

14     32.   Each and every "rollback" discounted item is denoted by red rollback signature

15  attached, at the point of sale, to the price tag of the item and within eye sight of the consumer thus

16  guaranteeing that each member of the Class was exposed to the representation in advance of his

17  or her purchase. Each "rollback" tagged item prominently featured the purported "was" or former

18  price as well as the discounted "rollback" price.

19     33.   For example:

20

21

22  ///

23  ///

24  ///

25  ///

26

27

28

-8-
**Class Action Complaint**





34.   Additionally, items offered for sale via the internet expressly represented the amount of the discount being offered to the customer.





**Class Action Complaint**

35.   The use of these terms and imagery is designed to, and does, induce consumers, such as Plaintiff and the members of the putative classes, into believing that the "rollback" merchandise is being offered at a price discounted from Wal-Mart's former or standard retail price and that such pricing is being offered for a limited time as compared to Wal-Mart's "everyday low pricing" which it offers continuously on items throughout the store.

36.   Such pricing comparisons were false and deceptive because the marketed, advertised, warranted, and represented former or "was" price were fabricated and did not represent Wal-Mart's true former, usual or original retail prices for the purportedly discounted items. Furthermore, the advertised "was" prices for Wal-Mart's "roll-back" discounted items were not the prevailing market retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law. Indeed, an inspection of various products by Plaintiff revealed, Wal-Mart's former prices were, in fact, at or around the purported discount price:





Actual former/"was" Wal-Mart Price

Advertised former/"was" price of $5.97



Actual Former or "was" Wal-Mart Price

Advertised former price $11.67

-11-
**Class Action Complaint**

37.    Plaintiff and class members' reliance upon Defendant's false price comparison advertising was not only reasonable, but entirely intended by Wal-Mart. For example, empirical marketing studies have provided an incentive for retailers to engage in this false and fraudulent behavior:

> [c]omparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth of the product and any potential savings. ... [A] comparative price advertisement can be construed as deceptive if it makes any representation, .... or involves any practice that may materially mislead a reasonable consumer[4].

38.    In short: "[b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product.... Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value."[5]

**Plaintiff and the Members of the Class were Deceived By Defendant's Deceptive Price Comparisons and Suffered Injury as a Result Thereof**

39.    Believing she was able to pay significantly less than what certain products were worth and normally sell for in the retail marketplace, Plaintiff was induced to purchase merchandise from Defendant which was offered at prices significantly lower than its stated original prices. Plaintiff purchased such items after relying on Wal-Mart's false discounts and false "original" former prices for such products. Plaintiff would not have purchased such products if she had known that Defendant's representations were false and misleading.

40.    Consumers lack the meaningful ability to test or independently ascertain the truthfulness of price tags such as representations of former pricing especially at the point of sale. Although Plaintiff was able to uncover the deception by unearthing the actual former pricing tags behind several of the "rollback" discounted merchandise, the prior tags for most such products

---

[4] Comparative Price Advertising: Informative or Deceptive?, Dhruv Grewal and Larry D. Compeau, Journal of Public Policy & Marketing, Vol. 11, No. 1, at 52 (Spring 1992).

[5] Id. at 55, 56.

1  had been removed.  Without such evidence of Wal-Mart's prior pricing, consumers such as

2  Plaintiff would not know Wal-Mart's actual merchandise pricing history by simply reading the

3  "Rollback" price tag; its discovery requires investigation beyond the retail store and knowledge

4  of industry and corporate pricing structures beyond that of the average consumer.   Thus,

5  reasonable consumers must, and do, rely on companies such as Wal-Mart to honestly report

6  merchandise pricing history and companies such as Wal-Mart intend and know that consumers

7  rely upon such comparative pricing statements in making their purchasing decisions.   Such

8  reliance by consumers is also eminently reasonable, since companies are prohibited from making

9  false or misleading statements on its products under federal and state law.

10      41.     As such, Defendant unscrupulously capitalizes on consumers' heightened demand for

11  discount priced merchandise by deceptively labeling, advertising, and marketing its "rollback"

12  price items.

13  **TOLLING OF THE STATUTE OF LIMITATIONS, FRAUDULENT CONCEALMENT,**

14  **EQUITABLE TOLLING, AND CONTINUING VIOLATIONS**

15      42.     Plaintiff did not discover, and could not have discovered, through the exercise of

16  reasonable diligence the existence of the claims sued upon herein until immediately prior to

17  commencing this civil action.

18      43.     Any applicable statutes of limitation have been tolled by Defendant's affirmative acts

19  of fraudulent concealment and continuing misrepresentations, as the facts alleged above reveal.

20      44.     Because of the self-concealing nature of Defendant's actions and its affirmative acts

21  of concealment, Plaintiff and the Classes assert the tolling of any applicable statutes of limitations

22  affecting the claims raised herein.

23      45.     Defendant continues to engage in the deceptive practice, and consequently, unwary

24  consumers are injured on a daily basis by Defendant's unlawful conduct.  Therefore, Plaintiff and

25  the Classes submit that each instance that Defendant engaged in the conduct complained of herein

26  and each instance that a member of any Class purchased rollback merchandise constitutes part of

27  a continuing violation and operates to toll the statutes of limitation in this action.  Defendant is

28

**Class Action Complaint**

1    estopped from relying on any statute of limitations defense because of its unfair or deceptive

2    conduct.

3      46.   Defendant's conduct was and is, by its nature, self-concealing.  Still, Defendant,

4    through a series of affirmative acts or omissions, suppressed the dissemination of truthful

5    information regarding its illegal conduct, and actively has foreclosed Plaintiff and the Classes

6    from learning of its illegal, unfair, and/or deceptive acts.  These affirmative acts included

7    concealing the discrepancy in price between the purported original price of the rollback

8    merchandise and the actual price at which Wal-Mart offered merchandise for sale.

9      47.   By reason of the foregoing, the claims of Plaintiff and the Classes are timely under any

10   applicable statute of limitations, pursuant to the discovery rule, the equitable tolling doctrine, and

11   fraudulent concealment.

12     48.   Plaintiff brings this action individually and on behalf of all other persons similarly

13   situated.  The Classes which Plaintiff seeks to represent comprise (hereafter referred to

14   collectively as the "Classes": The Classes are sufficiently numerous, as each includes thousands

15   of persons who have purchased the Product.  Thus, joinder of such persons in a single action or

16   bringing all members of the Classes before the Court is impracticable for purposes of Rule

17   23(a)(1).  The question is one of a general or common interest of many persons and it is

18   impractical to bring them all before the Court.  The disposition of the claims of the members of

19   the Classes in this class action will substantially benefit both the parties and the Court.

20     **The Nationwide Class:**

21      a.  All persons in the United States who: (1) purchased merchandise from Wal-Mart

22         on discounted "roll back prices which advertised "was" prices that did not match

23         the Defendant's former retail price for the item; (2) anytime from April 20, 2013

24         until the date of judgment; (3) for personal or household use, and not for resale or

25         distribution purposes.  Specifically excluded from this Class is Defendant's

26         officers, directors, or employees, any entity in which Defendant has a controlling

27         interest; and any affiliate, legal representative, heir, or assign of Defendant. Also

28

excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. (hereafter the "Nationwide Class").

**The California Sub-Class**

b. All persons in California who (1) purchased merchandise from Wal-Mart on discounted "roll back prices which advertised "was" prices that did not match the Defendant's former retail price for the item; (2) anytime from April 20, 2013 until the date of judgment; (3) for personal or household use, and not for resale or distribution purposes.   Specifically excluded from this Class is Defendant's officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of Defendant.  Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. (hereafter the "California Class")

49.    Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or add subclasses before the Court determines whether certification is appropriate.

50.    There are questions of law and fact common to each Class for purposes of Rule 23(a)(2), including whether Defendant's price tags contain misrepresentations that misled Plaintiff and the other members of the Classes to believe the Product was offered at a specific discounted price when it was not; Whether Defendant's price tags advertised, marketed and warranted incorrect "was" prices" for items during the Class Period.  The members of each Class were and are similarly affected by having purchased rollback priced items as promoted, marketed, advertised, and warranted by Defendant as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiff and other members of the Classes.  Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the

1  parties.

2       51.    Plaintiff asserts claims that are typical of the claims of each respective Class for

3  purposes of Rule 23(a)(3).  Plaintiff and all members of each respective Class have been subjected

4  to the same wrongful conduct because they have purchased that "roll back" discounted products,

5  which were not actually discounted as represented.  Plaintiff elected to purchase those item in

6  reliance on such representations.  Plaintiff and the members of each Class have thus been

7  damaged.

8       52.    Plaintiff will fairly and adequately represent and protect the interests of the other

9  members of each respective Class for purposes of Rule 23(a)(4).  Plaintiff has no interests

10  antagonistic to those of other members of each respective Class.  Plaintiff is committed to the

11  vigorous prosecution of this action and has retained counsel experienced in litigation of this nature

12  to represent her.  Plaintiff anticipates no difficulty in the management of this litigation as a class

13  action.

14       53.    Class certification is appropriate under Rule 23(b)(2) because Defendant has acted on

15  grounds that apply generally to each Class, so that final injunctive relief or corresponding

16  declaratory relief is appropriate respecting each Class as a whole.  Defendant utilizes an

17  integrated, nationwide messaging campaign that includes uniform misrepresentations that misled

18  Plaintiff and the other members of each Class as well as a uniform and integrated pricing program.

19       54.    Class certification is appropriate under Rule 23(b)(3) because common questions of law

20  and fact substantially predominate over any questions that may affect only individual members

21  of each Class.  Among these common questions of law and fact are: Defendant engaged in a

22  common course of conduct giving rise to the legal rights sought to be enforced by the members

23  of each respective Class.  Similar or identical statutory and common law violations and deceptive

24  business practices are involved. Individual questions, if any, pale by comparison to the numerous

25  common questions that predominate.

26       a.    whether Defendant misrepresented or omitted material facts in connection

27  with the promotion, marketing, advertising and sale of "rollback" discounted

28

-16-
**Class Action Complaint**

items;

      b.     whether Defendant's "rollback" pricing scheme is likely to deceive the members of each Class;

      c.     whether Defendant's conduct is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers;

      d.     whether Defendant's acts and practices in connection with the promotion, marketing, advertising, distribution, and sale of the "rollback" priced items violated the laws alleged herein;

      e.     whether Plaintiff and members of the Classes are entitled to injunctive and other equitable relief; and

      f.     whether Defendant was unjustly enriched by its' conduct.

55.     The injuries sustained by Plaintiff and the members of each Class flow, in each instance, from a common nucleus of operative facts – Defendant's misconduct.

56.     Plaintiff and the members of each Class have been damaged by Defendant's misconduct. The members of each Class have paid for a product that would not have been purchased in the absence of Defendant's deceptive scheme.

57.     Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy. Members of each Class have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct. Because of the nature of the individual claims of the members of each Class, few, if any, could or would otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore the appropriate, superior method of proceeding and essential to the interests of justice insofar as the resolution of claims of the members of each Class is concerned. Absent a representative class action, members of each Class would continue to suffer losses for which they would have no remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains. Even if separate actions could be brought by individual members of each Class, the resulting

**Class Action Complaint**

multiplicity of lawsuits would cause undue hardship, burden, and expense for the Court and the litigants, as well as create a risk of inconsistent rulings, which might be dispositive of the interests of the other members of each Class who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

## FIRST CAUSES OF ACTION

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

#### (By Plaintiff and California Class against Defendant)

58.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

59.     This cause of action is brought pursuant to California *Business and Professions Code* § 17200, *et seq.*

60.     In the marketing and advertising of "rollback" discounted items, Defendant makes false and misleading statements regarding the quantity of the discounted.

61.     Defendant is aware that the claims that it makes about the amount of the "rollback" discounts are false, misleading and unsubstantiated.

62.     As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair and fraudulent business practice within the meaning of California *Business & Professions Code* § 17200.

63.     In addition, Defendant uses of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitute unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of *Business & Professions Code* §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of California *Business & Professions Code* § 17500.

64.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

**Class Action Complaint**

65.     All of the conduct alleged herein occurs and continues to occur in Defendant Wal-Mart's business. Defendant Wal-Mart's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

66.     Pursuant to *Business & Professions Code* §§ 17203 and 17535, Plaintiff and the members of the Classes seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the "rollback" priced products. Likewise, Plaintiff and the members of the Classes seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the members of the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

## SECOND CAUSE OF ACTION

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff and California Class against Defendant)**

67.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

68.     This cause of action is brought pursuant to California *Business and Professions Code* § 17500, *et seq.*

69.     In its advertising of "roll back" discount-priced merchandise, Defendant advertises false former prices and false price discounts, all as set forth above.

70.     Defendant is aware that the claims that it makes about the former pricing and the price discounts of the "roll back" priced merchandise are false, misleading and unsubstantiated and that such prices were not prevailing market price as above defined within three months next immediately preceding the publication of the advertisement.

71.     As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair and fraudulent business practice within the

1   meaning of California *Business & Professions Code* § 17500.

2       72.     In addition, Defendant's use of various forms of advertising media to advertise, call

3   attention to or give publicity to the sale of goods or merchandise which are not as represented in

4   any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising,

5   and an unlawful business practice within the meaning of California *Business & Professions Code*

6   §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming

7   public, in violation of California *Business & Professions Code* § 17500.

8       73.     Pursuant to California *Business & Professions Code* §§ 17203 and 17535, Plaintiff and

9   the members of the Classes seek an order of this Court enjoining Defendant from continuing to

10  engage, use, or employ its practice of falsely and deceptively advertising the price discounts and

11  former prices of its "Rollback" priced items.  Likewise, Plaintiff and the members of the Classes

12  seek an order requiring Defendant to disclose such misrepresentations, and additionally request

13  an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means

14  of responsibility attached to Defendant's failure to disclose the existence and significance of said

15  misrepresentations.

16                              **THIRD CAUSE OF ACTION**

17                  **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.***

18                  **(By Plaintiff and California Class against Defendant)**

19      74.     Plaintiff repeats and realleges all the allegations of the previous paragraphs, and

20  incorporates the same as if set forth herein at length.

21      75.     This cause of action is brought pursuant to California *Civil Code* § 1750, *et seq.*, the

22  Consumers Legal Remedies Act.

23      76.     The Consumer Class consists of thousands of persons, the joinder of whom is

24  impracticable.

25      77.     There are questions of law and fact common to the classes, which questions are

26  substantially similar and predominate over questions affecting the individual members, including

27  but not limited to:

28

                                    -20-
                        _____
                           **Class Action Complaint**

(a)  Whether Defendant represented that the "rollback" discount-priced merchandise has characteristics, benefits, uses or quantities which it does not have;

(b) Whether the existence, extent and significance of the major misrepresentations regarding the purported price discounts of the "rollback" discount-priced merchandise violate the Act; and

(c) Whether Defendant knew of the existence of these misrepresentations.

78.    The policies, acts, and practices heretofore described were intended to result in the sale of "rollback" discount-priced merchandise to the consuming public and violated and continue to violate § 1770(a)(5) of the Act by representing that the "rollback" discount-priced merchandise has characteristics, benefits, uses or quantities which it does not have.

79.    Defendant fraudulently deceived Plaintiff and the Classes by representing that the "rollback" discount-priced merchandise has certain characteristics, benefits, uses and qualities which it does not have.  In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Classes, specifically and not limited to that the advertised "former" prices of the "rollback" discount-priced merchandise were inflated.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Classes and depriving them of their legal rights and money.

80.    Defendant knew that the "former" prices at which it advertised its "rollback" discount-priced merchandise were inflated.

81.    Defendant's actions as described hereinabove were done with conscious disregard of Plaintiff's rights and Defendant was wanton and malicious in its concealment of the same.

82.    Pursuant to § 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order enjoining Defendant from distributing such false advertising and misrepresentations.  Plaintiff shall be irreparably harmed if such an order is not granted.

83.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore any person in interest any money which may have been acquired by means of such unfair business practices, and for such relief as provided in California *Civil Code* § 1780 and the

1  Prayer For Relief.

2        84.    Pursuant to California *Civil Code* §1782, Plaintiff gave Defendant notice by certified

3  mail on October 16, 2016, of the particular violations of California *Civil Code* § 1770. The Notice

4  requested that Defendant rectify the problems associated with the actions alleged in this

5  Complaint, and give notice to all affected consumers of its intent to so act. Defendant has not yet

6  responded to this Notice.

7  **FOURTH CAUSE OF ACTION**

8  **UNJUST ENRICHMENT**

9  **(By Plaintiff, California Class and National Class**

10  **Against Defendant)**

11        85.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and

12  incorporates the same as if set forth herein at length.

13        86.    Plaintiff brings this claim individually, as well as on behalf of members of the

14  nationwide Class and California Class pursuant to California law. Although there are numerous

15  permutations of the elements of the unjust enrichment cause of action in the various states, there

16  are few real differences. In all states, the focus of an unjust enrichment claim is whether the

17  Defendant was unjustly enriched. At the core of each state's law are two fundamental elements

18  – the Defendant received a benefit from the plaintiff and it would be inequitable for the Defendant

19  to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in

20  each state. Since there is no material conflict relating to the elements of unjust enrichment

21  between the different jurisdictions from which class members will be drawn, California law

22  applies to the claims of the Class.

23        87.    In the alternative, Plaintiff brings this claim individually as well as on behalf of the

24  California Class and National Class.

25        88.    At all times relevant hereto, Defendant deceptively marketed, advertised, and sold its

26  "rollback" discount –priced merchandise to Plaintiff and the Class.

27        89.    Plaintiff and members of the Class conferred upon Defendant non-gratuitous payments

28

-22-

**Class Action Complaint**

for Defendant's "rollback" discount –priced merchandise that they would not have due to Defendant's deceptive advertising, and marketing.  Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Class, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiff and members of the Class were not receiving a price discount as they would have expected.

90.     Defendant has been unjustly enriched in retaining the revenues derived from purchases of Defendant's "rollback" discount –priced merchandise by Plaintiff and members of the Class, which retention under these circumstances is unjust and inequitable because Defendant misrepresented that the "rollback" discount –priced merchandise were offered to them at an artificially inflated discount price, which caused injuries to Plaintiff and members of the Class because they purchased such items when they otherwise would not have.

91.     Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiff and members of the Class under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable.  Thus, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF CONSUMER FRAUD LAWS**

**(By Plaintiff, on Behalf of Herself, the California Class, and the Nationwide Class against Defendant)**

92.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

93.     Plaintiff brings this Count individually under the laws of the state where she purchased Defendant's "rollback" discount-priced merchandise and on behalf of all other persons who purchased Defendant's "rollback" discount-priced merchandise in States having similar laws regarding consumer fraud and deceptive trade practices.

94.     Plaintiff and each of the other members of the Classes are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the State in which they

-23-
**Class Action Complaint**

purchased the Product.

95.     The consumer protection laws of the State in which Plaintiff and the other members of the Classes purchased the Product declare that unfair or deceptive acts or practices, in the conduct of trade or commerce, are unlawful.

96.     Forty States and the District of Columbia have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising and that allow consumers to bring private and/or class actions.    These statutes are found at:

     a.  Alabama Deceptive Trade Practices Act, Ala. Code §8-19-1 *et seq.*;

     b.  Alaska Unfair Trade Practices and Con

     c.  Consumer Protection Act, Alaska Code §45.50.471 *et seq.*;

     d.  Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101 *et seq.*;

     e.  California Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*;

     f.  Colorado Consumer Protection Act, Colo. Rev. Stat. §6-1-101 *et seq.*;

     g.  Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a *et seq.*;

     h.  Delaware Deceptive Trade Practices Act, Del. Code tit. 6§2511 *et seq.*;

     i.  District of Columbia Consumer Protection Procedures Act, D.C. Code §28 3901 *et seq.*;

     j.  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §501.201 *et seq.*;

     k.  Georgia Fair Business Practices Act, Ga. Code Ann. §10-1-390 *et seq.*;

     l.  California Unfair and Deceptive Practices Act, California Revised Statues §480-1 *et seq.*, and California Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. §481A-1 *et seq.*;

     m.  Idaho Consumer Protection Act, Idaho Code Ann. §48-601 *et seq.*;

     n.  Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1 *et seq.*;

     o.  Kansas Consumer Protection Act, Kan. Stat. Ann §50 626 *et seq.*;

p.  Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §367.110 *et seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §365.020 *et seq.*;

q.  Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §51:1401 *et seq.*;

r.  Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5 §205A *et seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. tit. 10, §1211 *et seq.*,

s.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

t.  Michigan Consumer Protection Act, Mich. Comp. Laws §445.901 *et seq.*;

u.  Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann.§325F.68 *et seq.,* and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §325D.43 *et seq.*;

v.  Mississippi Consumer Protection Act, Miss. Code Ann. §§75-24-1 *et seq.*;

w. Missouri Merchandising Practices Act, Mo. Rev. Stat. §407.010 *et seq.*;

x.  Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §30-14-101 *et seq.*;

y.  Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1601 *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §87-301 *et seq.*;

z.  Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §598.0903 *et seq.*;

aa. New Hampshire Consumer Protection Act,  N.H. Rev. Stat. §358-A:1 *et seq.*;

bb. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8 1 *et seq.*;

cc. New Mexico Unfair Practices Act, N.M. Stat. Ann. §57 12 1 *et seq.*;

dd. New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §349 *et seq.*;

ee. North Dakota Consumer Fraud Act, N.D. Cent. Code §51 15 01 *et seq.*;

ff. Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §1345.02 and 1345.03; Ohio Admin. Code §109:4-3-02, 109:4-3-03, and 109:4-3-10;

gg. Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 §751 *et seq.*;

hh. Oregon Unfair Trade Practices Act, Ore. Rev. Stat §646.608(e) & (g);

ii. Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws §6-13.1-1 *et seq.*;

jj. South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 *et seq.*;

**Class Action Complaint**

kk. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§37 24 1 *et seq.*;

ll. Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 *et seq.*;

mm.    Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §2451 *et seq.*;

nn. Washington Consumer Fraud Act, Wash. Rev. Code §19.86.010 *et seq.*;

oo. West Virginia Consumer Credit and Protection Act, West Virginia Code §46A-6-101 *et seq.*; and

pp. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §100.18 *et seq.*

97.    The Product constitutes a product to which these consumer protection laws apply.

98.    In the conduct of trade or commerce regarding its production, marketing, and sale of the Product, Defendant engaged in one or more unfair or deceptive acts or practices, including, but not limited to, uniformly representing to Plaintiff and each member of the Classes by means of its packaging and labeling of the Product that it is a natural sweetener primarily made from the monk fruit plant, as described herein.

99.    Defendant's representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

100.    Defendant knew, or should have known, that its representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

101.    Defendant used or employed such deceptive and unlawful acts or practices with the intent that Plaintiff and members of the Classes rely thereon.

102.    Plaintiff and the other members of the Classes did so rely.

103.    Plaintiff and the other members of the Classes purchased the Product produced by Defendant which misrepresented the characteristics and nature of the Product.

104.    Plaintiff and the other members of the Classes would not have purchased the Product but for Defendant's deceptive and unlawful acts.

105.    As a result of Defendant's conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

106.    Defendant's conduct showed complete indifference to, or conscious disregard for,

-26-

**Class Action Complaint**

the rights and safety of others such that an award of punitive and/or statutory damages is appropriate under the consumer protection laws of those states that permit such damages to be sought and recovered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

A.      that the Court certify the nationwide Class and the California Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff as Class Representative and her attorneys as Class Counsel to represent the members of the Classes;

B.      that the Court declare that Defendant's conduct violates the statutes referenced herein;

C.      that the Court preliminarily and permanently enjoin Defendant from conducting its business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading advertising and marketing and other violations of law described in this Complaint;

D.      that the Court order Defendant to conduct a corrective advertising and information campaign advising consumers that the "rollback" discount pricing was false and deceptive;

E.      that the Court order Defendant to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

F.      that the Court order Defendant to notify each and every individual and/or business who purchased the discounted "rollback" priced merchandise of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendant;

G.      that the Court order Defendant to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading advertising, and marketing, plus pre- and post-judgment interest thereon;

-27-
**Class Action Complaint**

1   H. that the Court order Defendant to disgorge all monies wrongfully obtained and all

2 revenues and profits derived by Defendant as a result of its acts or practices as alleged in this

3 Complaint;

4   I. that the Court award damages to Plaintiff and the Classes;

5   J. the common fund doctrine, and/or any other appropriate legal theory; and

6   K. that the Court grant such other and further relief as may be just and proper.

7

8 DATED: April 20, 2017   **BRADLEY/GROMBACHER, LLP**

9

10       By: /S/ Kiley L. Grombacher, Esq

11        Kiley L. Grombacher, Esq.
        Attorneys for Plaintiff

12

13

14     **JURY DEMAND**

15  Plaintiff demands a trial by jury on all issues so triable as a matter of right.

16

17 DATED: April 20, 2017   **BRADLEY/GROMBACHER, LLP**

18

19       By: /S/ Kiley L. Grombacher, Esq

20        Kiley L. Grombacher, Esq.
        Attorneys for Plaintiff

21

22

23

24

25

26

27

28

-28-

**Class Action Complaint**