Stuart M. Richter (SBN 126231)
Andrew J. Demko (SBN 247320)
Charlotte S. Wasserstein (SBN 279442)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471
stuart.richter@kattenlaw.com
andrew.demko@kattenlaw.com
charlotte.wasserstein@kattenlaw.com

Andrew G. Klevorn (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe Street
Chicago, IL 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
andrew.klevorn@kattenlaw.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA CEJA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:17-CV-00833-MCE-CMK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(2) FOR LACK OF JURISDICTION**<br><br>[[Proposed] Order Filed Concurrently Herewith]<br><br>Complaint filed: April 20, 2017<br><br>**Date: August 24, 2017**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 7** |

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 24, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Morrison England, United States District Court for the Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") will and does move the Court for an order dismissing portions of Plaintiff Brenna Ceja's ("Plaintiff") Complaint, and each claim alleged therein, without leave to amend.

Through this Motion, as supported by the Memorandum of Points and Authorities, the court records and files in this action, and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this Motion, Wal-Mart (A) specially appears to seek dismissal of any claims brought by residents of states other than California, arising under the consumer fraud/unfair competition and unjust enrichment laws of any state other than California (as set forth in Counts IV and V of the Complaint) for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); and generally appears to seek dismissal of Plaintiff's claims (B) for lack of subject matter jurisdiction due to lack of standing, pursuant to Fed. R. Civ. P. 12(b)(1), and (C) for lack of standing with respect to Plaintiff's claim for injunctive relief, pursuant to Fed. R. Civ. P. 12(b)(1).

Dated:   June 27, 2017             Respectfully submitted,

                                   KATTEN MUCHIN ROSENMAN LLP


                                   By:   /s/ Stuart Richter
                                         Stuart Richter
                                   Attorneys for Defendant  WAL-MART STORES, INC.

## I. INTRODUCTION

Plaintiff has filed a nationwide class action alleging defendant Wal-Mart, Inc.'s ("Wal-Mart") "rollback" pricing program was deceptive because it supposedly promoted false discounts. This Motion addresses the Court's (lack of) personal and subject matter jurisdiction over some of Plaintiff's claims. Specifically, this Court (a) cannot exercise personal jurisdiction over claims brought under the unfair competition/consumer fraud and unjust enrichment laws of states other than California for conduct occurring outside of California; (b) does not have subject matter jurisdiction over claims brought under the unfair competition/consumer fraud and unjust enrichment laws of states other than California for conduct occurring outside of California because Plaintiff does not have Article III standing to assert such claims; and (c) does not have subject matter jurisdiction over Plaintiff's claims seeking injunctive relief because Plaintiff also does not have Article III standing to assert such claims.

First, this Court does not have personal jurisdiction over the unfair competition/consumer fraud and unjust enrichment claims attributable to conduct occurring outside of the State of California. Recent Supreme Court precedent mandates dismissal of the claims Plaintiff seeks to bring on behalf of residents of states other than California who purchased Wal-Mart items outside this state because there is not an "adequate link between the [forum] State [*i.e.,* California] and the nonresidents' claims" such that the exertion of personal jurisdiction comports with the Due Process Clause. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, – S. Ct. –, No. 16-466, slip op. at 8 (U.S., June 19, 2017).

Second, Plaintiff lacks Article III standing to pursue claims under the unfair competition/consumer fraud and unjust enrichment laws of states other than California when she did not purchase products at a Wal-Mart store in those states. Plaintiff alleges she purchased products at Wal-Mart stores in Redding and Anderson, California. She does not allege she purchased products at a Wal-Mart store in any

other state. Yet she alleges claims under 39 other states and the District of Columbia's consumer protection/unfair competition and unjust enrichment laws. Plaintiff lacks standing to bring those claims because there is no "injury in fact" for those state laws, and they may not be used to redress her injury, which, if at all, occurred solely in California. *See e.g.*, *In re Packaged Seafood Prods. Antitrust Litig.*, – F. Supp. 3d –, No. 15-MD-2670 JLS (MDD), 2017 WL 1010329, at *36 (S.D. Cal. Mar. 14, 2017) ("The overwhelming majority of courts have held that Article III standing for state law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state.").

Third, Plaintiff lacks Article III standing to pursue injunctive relief. To have standing for an injunctive relief claim, Plaintiff must be in danger of being injured by the defendant's continued wrongdoing. Because Plaintiff is not likely to be harmed in the future by any supposed misrepresentation concerning Wal-Mart's rollback pricing, she lacks standing. Put simply, Plaintiff admits she discovered the supposed deception around April 2016 and that, had she known of the deception, she would not have purchased the products. Through her Complaint, it cannot be disputed that Plaintiff is now aware of the supposed deception. With this knowledge in hand, "there is no danger that [she] will be misled in the future." *E.g.*, *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-cv-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014); *see Taylor v. Nike, Inc.*, No. 3:16-cv-00661-MO, 2017 WL 663056, at *2 (D. Or. Feb. 17, 2017) (collecting cases). She lacks standing; therefore, the injunctive relief claim must be dismissed.

## II. SUMMARY OF ALLEGATIONS

Plaintiff is a California citizen who shopped at Wal-Mart stores in Redding and Anderson, California. (Compl. ¶ 20.) She alleges that Wal-Mart advertised and marketed false discounts. Specifically, she alleges Wal-Mart misrepresented the former price of products that were part of its rollback pricing program. (*Id.*) Plaintiff claims she purchased rollback products in the four years preceding the filing

1   of her Complaint. (*Id.*) However, the only specific products Plaintiff claims to have
2   purchased were two air mattresses in April 2016 from Wal-Mart's Redding store.
3   (*Id.*) When purchasing rollback products, Plaintiff supposedly "read and relied" on
4   "statements" in "highlighted signage placed directly in front of the subject products."
5   (*Id.* ¶ 21.) According to Plaintiff, "[b]ut for [Wal-Mart's] misrepresentations, [she]
6   would not have purchased the 'roll back' priced products." (*Id.*)

7   Based on these allegations, Plaintiff seeks to represent two classes. The first is
8   a nationwide class that is alleged to have purchased rollback products where the "was"
9   price purportedly did not match Wal-Mart's former retail price for the item from April
10  20, 2013 to the date of judgment. (*Id.* ¶ 48.) Plaintiff and the nationwide class bring
11  claims for unjust enrichment, and for violations of consumer protection/unfair
12  competition statutes for 40 states and the District of Columbia. The second is a class
13  of California consumers. (*Id.*) Plaintiff and the California class bring claims for
14  violations of California's Unfair Competition Law (the "UCL") (Cal. Bus. & Prof.
15  Code § 17200 *et seq.*), California's False Advertising Law (the "FAL") (Cal. Bus. &
16  Prof. Code § 17500 *et seq.*), California's Consumer Legal Remedies Act (the
17  "CLRA") (Cal. Civ. Code § 1750 *et seq.*), consumer protection/unfair competition
18  statutes for 39 states and the District of Columbia, and for unjust enrichment.

19  **III.   LEGAL STANDARD**
20    **A.   Personal Jurisdiction**
21  The plaintiff bears the burden of establishing that personal jurisdiction is
22  proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.
23  2004). Since the California "long-arm statute" permits the exercise of personal
24  jurisdiction to the full extent permitted by the United States Constitution, a court's
25  personal jurisdiction inquiry centers on whether exercising jurisdiction comports with
26  due process. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). General personal
27  jurisdiction exists only where a corporation is essentially at home, which is usually
28  limited to the states of its principal place of business and place of incorporation. *Id.* at

761. Absent general personal jurisdiction, a court may only exercise specific personal jurisdiction. *Bristol-Myers*, slip op. at 5–6. Whether a court may exert specific personal jurisdiction turns on "the relationship among the defendant, the forum, and the litigation," and the challenged "conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotations and citations omitted). Specific personal jurisdiction must exist for each claim asserted against a defendant. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977); *see also Security Alarm Financing Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976, 984 (N.D. Cal. 2016).

### B.  Subject-Matter Jurisdiction

Federal courts must dismiss claims over which they lack subject-matter jurisdiction under Article III of the Constitution. *See Herrington v. Johnson & Johnson Consumer Cos., Inc.*, No. C 09–1597 CW, 2010 WL 3448531, at *2 (N.D. Cal. Sept. 1, 2010). Because Plaintiff has invoked federal jurisdiction, she bears the burden of establishing that she has Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 560-61 (1992). To meet his burden, she must allege: "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.(TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

### C.  Injunctive Relief

For injunctive relief, Plaintiff must allege plausibly that she is "realistically threatened by *repetition* of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis in original) (internal quotations and citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). In other

1 words, it is "the imminent prospect of future injury," not the "presence or absence of
2 past injury," that "determines Article III standing to seek injunctive relief." *Ervine v.*
3 *Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014)
4 (internal quotations and citations omitted).

## IV.   ARGUMENT

### A.   The Court Should Dismiss All Claims Arising Outside of California for Lack of Personal Jurisdiction.

Plaintiff's claims under the consumer fraud/unfair competition and unjust enrichment laws of any state other than California should be dismissed. This Court lacks personal jurisdiction over Wal-Mart for causes of action brought under the laws of states other than California for conduct that occurred outside of California. As the Supreme Court made plain in its *Bristol-Myers* decision, a court can only exercise specific personal jurisdiction when there is "'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, slip op. at 5–6 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). Put another way, *Bristol-Myers* generally limits specific personal jurisdiction to those fora where the actual conduct occurred. Because Plaintiff's claims under the non-California consumer fraud/unfair competition and unjust enrichment laws relate to putative absent class members who do not reside in California and made their rollback pricing purchases outside of California —that is, the conduct wholly occurred outside of California—*Bristol-Myers* precludes this Court from exercising specific personal jurisdiction over Wal-Mart for these claims.[1]

---

[1] Nor can this Court exercise general personal jurisdiction over Wal-Mart. For purposes of general personal jurisdiction, a corporation may be sued where it is "at home." *BNSF Ry. Co. v. Tyrrell*, No. 16-405, slip op. at 10 (U.S., May 30, 2017). Generally, a corporation is considered to be at home in the state in which it is incorporated (here, Delaware) or where it has its principal place of business (here, Arkansas, as indicated in Paragraph 22 of the Complaint). Under this standard, general jurisdiction over Wal-Mart cannot be exercised by this Court.

5
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**

*Bristol-Myers* involved a "group of plaintiffs—consisting of 86 California residents and 592 residents from 33 other States"—who filed suit in California alleging personal injuries caused by Plavix, a prescription medication Bristol-Myers sold nationwide. *Id*. at 2. The California Supreme Court held below that Bristol-Myers was subject to specific personal jurisdiction with respect to both the California resident *and* nonresident plaintiffs' claims, even though the non-residents were not prescribed, did not purchase, were not injured, and did not take Plavix in California. *See id*. at 3–4. The Supreme Court reversed. In an 8-1 decision, it held that a California court could not exert specific personal jurisdiction over the non-California claims because, to do so, would not only force a defendant to submit "to the coercive power of a State that may have little legitimate interest in the claims in question," (*id*. at 6), but also because allowing one state to exercise jurisdiction over a claim in which it has little interest would infringe upon the sovereignty of those states that have a greater interest. As the Court put it, "even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id*. at 7 (internal quotations and citations omitted).

It is of no moment that the proposed forum may have specific personal jurisdiction over other, similar claims of other parties. Indeed, the Court specifically noted that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. at 8 (emphasis in original). That is this case. Plaintiff is trying to use the "hook" of having allegedly suffered injuries in California to encompass a broad swath of other claims that bear no relationship or affiliation to

6
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**

California at all. The putative members of the class for these non-California claims neither saw any rollback pricing in California nor purchased any products subject to rollback pricing in California. They were not injured in California, and there is no affiliation with California; as such, under *Bristol-Myers*, this Court lacks personal jurisdiction to adjudicate these claims against Wal-Mart.

### B. The Court Should Dismiss All Claims Arising Outside of California for Lack of Standing Because She Did Not Purchase Any Items Outside of California.

The essence of the Article III standing inquiry is to determine whether the party seeking to invoke the Court's jurisdiction has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

Plaintiff has no real stake in an adjudication of the consumer fraud/unfair competition and unjust enrichment laws of 39 other states and the District of Columbia because she is a citizen of California and her purchases were made in California. (Compl. ¶ 20.) She lacks the requisite stake because she has not suffered an injury-in-fact that is redressable through the laws of these states and the District of Columbia. Indeed, the Supreme Court has explicitly defined "injury in fact" as "an invasion of a legally protected interest" that is "not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). For her claims under the consumer fraud/unfair competition and unjust enrichment laws of states outside of California, her "legally protected interest," if any, is derived from the laws of 40 other jurisdictions in which Plaintiff did not purchase a single Wal-Mart product; in other words, there was not and could not be an *invasion* of a legally protected interest. In the absence of a named plaintiff who has purchased a product within each relevant state, there can be no determination that an interest was harmed that was legally protected under the relevant jurisdiction's laws. To merely assume

7
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**

that putative class members suffered a particular injury in a particular state that no member currently before the Court has even alleged is the epitome of "hypothetical" and "conjecture." *Id.* Thus, it cannot be a basis for Article III jurisdiction.

Faced with such circumstances, most district courts have dismissed such claims for lack of Article III standing. *See, e.g.*, *In re Packaged Seafood Prod. Antitrust Litig.*, 2017 WL 1010329, at *36 ("The overwhelming majority of courts have held that Article III standing for state law claims is necessarily lacking when no plaintiff is alleged to have purchase a product within the relevant state."); *Rael v. N.Y.& Co., Inc.*, No. 16-CV-369-BAS (JMA), 2016 WL 7655247, at *4 (S.D. Cal. Dec. 28, 2016) ("Although Plaintiff asserts claims under the consumer-protection laws of forty other states and the District of Columbia, no other plaintiffs are named in the SAC to represent claims from these states."); *Grandfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012) ("Plaintiff is the only named Plaintiff and has not alleged that she made any relevant purchases outside of Massachusetts. Thus, the Court finds that Plaintiff does not have standing to assert claims under the laws of any of the other twenty-eight states named in her Complaint."); *Azimpour v. Sears, Roebuck & Co.*, No. 15-CV-2798 JLS (WVG), 2017 WL 1496255, at *11 (S.D. Cal. Apr. 26, 2017) (same); *Dennis v. Ralph Lauren Corp.*, No. 16-CV-1056-WQH-BGS, 2016 WL 7387356, at *6 (S.D. Cal. Dec. 20, 2016 (same).

The Court should follow these cases and dismiss Plaintiff's claims asserted under the consumer fraud/unfair competition and unjust enrichment laws of any jurisdiction other than California for lack of Article III standing.

**C.  Plaintiff Lacks Article III Standing For An Injunction Because She Is Not Likely To Be Deceived By Wal-Mart's Rollback Pricing In The Future.**

Even if Plaintiff continues to shop at Wal-Mart stores in Redding and Anderson in the near future, her knowledge of the purported false "was" price bars her from

8
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**

seeking injunctive relief. Such knowledge precludes her from obtaining injunctive relief because, going forward, she cannot be deceived by a rollback discount. That is, she is not "realistically threatened by *repetition* of the violation." *Gest*, 443 F.3d at 1181 (emphases in original) (internal quotations and citations omitted). Plaintiff admits she discovered the violation sometime between her April 2016 purchases and filing her Complaint. (Compl. ¶ 20 ("Plaintiff later learned [the "was" price was] artificially inflated, false and deceptive").) And she admitted she would not purchase products subject to a rollback discount had she known of the supposed misrepresentation. (*Id.* ¶ 21.) Now, Plaintiff presumably is aware of the supposed deception. Accordingly, with respect to any future purchases, it is impossible for her to be misled by any purported misrepresentation of the 'was' price in connection with Wal-Mart's rollback pricing.

That should end the inquiry. But Plaintiff is likely to cite a minority line of cases from district courts within the Ninth Circuit that have held that Article III standing still exists in such situations because holding otherwise would "eviscerate the intent of the California legislature in creating consumer protection statutes." *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012); *see also Chester v. TJX Cos., Inc.*, No. 5:15-CV-01437-ODW (DTB), 2016 WL 4414768, at *8 (C.D. Cal. Aug. 18, 2016) (internal quotations and citations omitted); *see also Henderson v. Gruma Corp.*, No. CV 10-04173-AHM (AJWx), 2011 WL 1362188, at *7–8 (C.D. Cal. Apr. 11, 2011).

The problem with this line of cases is that it rests solely on policy grounds derived from California statutory law. However, "standing in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 133 S. Ct. 2653, 2667 (2013). That California's consumer protection statutes explicitly provide for injunctive relief, therefore, is simply irrelevant to whether a *federal* court has constitutional jurisdiction to grant that relief. *See* Cal. Bus. & Prof. Code § 17203; Cal. Civ. Code § 1780. Article III of the United States Constitution "*limits* the

jurisdiction of *federal courts* to cases and controversies." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001) (internal quotations and citations omitted) (emphases added).  This means there are scenarios where "a plaintiff whose cause of action is perfectly viable in *state court* under *state law* may nonetheless be foreclosed from litigating the same cause of action in *federal court*." *Id.* at 1001–02 (emphases added).[2]

The far better reasoned district court cases hold that a district court lacks Article III jurisdiction to enter a judgment for injunctive relief in cases like this one. *See, e.g.*, *Hall v. Sea World Ent., Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911, at *17 (S.D. Cal. Dec. 23, 2015) (dismissing injunctive relief claim because "there is no chance of Plaintiffs being misled by SeaWorld's alleged false statements and omissions"); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1015 (N.D. Cal. 2014) ("Frenzel cannot plausibly allege that he is likely to be fraudulently induced by the same representations he now claims he knows are false."); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014) ("Because Ham is now aware that the products use SAPP, she cannot allege that she would be fraudulently induced to purchase products in the future."); *Taylor*, 2017 WL 663056, at *3 (dismissing injunctive relief claim because plaintiff "is now aware of any false pricing scheme in which Nike might be engaged").

The Court should follow this line of cases and dismiss Plaintiff's claim for injunctive relief.

## V.   CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(1) (lack of standing) and 12(b)(2) (lack of personal jurisdiction), the Court should dismiss Plaintiff's claims seeking relief under all consumer fraud/unfair competition and

---

[2] The fact that Plaintiff represents a class of Wal-Mart customers who may not be aware of the supposed misrepresentation does not alter the analysis. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

1 unjust enrichment laws of any state other than California. Likewise, pursuant to Fed.
2 R. Civ. P. 12(b)(1), the Court should dismiss Plaintiff's claim for injunctive relief
3 because of a lack of standing.

Dated:   June 27, 2017                     Respectfully submitted,

                                           KATTEN MUCHIN ROSENMAN LLP


                                           By:   /s/ Stuart Richter
                                                 Stuart Richter
                                           Attorneys for Defendant  WAL-MART
                                           STORES, INC.